U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2012 FEB 24 P 1:05
JON A. SANFILIPPO
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,
    Plaintiff,

v.

Case No.: 12-C-0193

MANITOWOC COUNTY, WI, IN ITS OFFICIAL
AND INDIVIDUAL CAPACITY;
WENDY BALDWIN, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY;
KENNETH KRATZ, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY;
PATRICK WILLIS, IN HIS OFFICIAL AND
INVIDUAL CAPACITY;
LYNN ZIGMUNT, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY;
CALUMET COUNTY, WI, IN ITS OFFICIAL
AND INDIVIDUAL CAPACITY,
    Defendants.

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §§ 1983, 1985, AND 1986**

Plaintiff, Steven Avery, a state prisoner, *pro se*, for his complaint against defendants: Manitowoc County, WI; Wendy Baldwin; Kenneth Kratz; Patrick Willis; Lynn Zigmunt; and Calumet County, brings a civil rights action for damages and declaratory relief under 42 U.S.C. §§ 1983, 1985, and 1986. This complaint alleges that the plaintiff's rights under the 3rd, 4th, and 14th Amendments of the United States Constitution including but not limited to freedom from unreasonable search and seizure, privacy, equal protection, and due process were violated by those acting under color or state law.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(3) and (4). The matters in controversy arise under 42 U.S.C. §§ 1983, 1985, and 1986.

(a) Venue properly lies in this District pursuant to 28 U.S.C. Section 1391(b)(2), because the events giving rise to this cause of action occurred in Calumet County, Wisconsin, and Manitowoc County, Wisconsin, which are located within the Eastern District of Wisconsin.

## I. PLACE OF CONFINEMENT

2. Plaintiff is currently confined at:

Wisconsin Secure Program Facility

1100 Morrison Dr.

P.O. Box 9900

Boscobel, WI 53805

3. The claim stated herein is the result of actions of those acting under color of state law and not as a result of a condition of confinement. There is a grievance procedure in the Calumet County jail that plaintiff was located at however there was no filing of a grievance with the jail as the claim does not relate to the jail or conditions of confinement.

4. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action.

## II. PARTIES

5. Plaintiff Steven Avery DOC #122987, SSN # (last four digits) 6920, was at all times relevant hereto, a pretrial detainee in the custody of the Calumet County Sheriff. At the time of the events relevant hereto, plaintiff was incarcerated in the Calumet County jail.

6. Defendant the County of Manitowoc, Wisconsin runs the Manitowoc County Court House which was run by policy a maker/administrator, at all relevant times herein and is located at: 1010 Eighth Street, Manitowoc, WI, 54221-2000. Manitowoc County has the responsibilities of setting policy and custom, supervising, and instructing its employees in acting under color of

state law. In the present case, the County of Manitowoc, by its policy or custom, either allowed or was deliberately indifferent to its knowledge of officers executing illegal searches and seizures. It is sued individually.

7. Defendant Kenneth Kratz was at all relevant times herein the District Attorney for the Calumet County District Attorney's office located at: 206 Court St., Chilton, WI, 53014-1127. He was also the lead prosecutor in the criminal case against the plaintiff. He is sued individually.

8. Defendant Wendy Baldwin was at all relevant times herein an officer with the Calumet County Sheriff's Department located at: 206 Court St., Chilton, WI, 53014. She is sued individually.

9. Defendant Lynn Zigmunt was at all relevant times herein the Clerk of Court for Manitowoc County located at: 1010 Eighth Street, Manitowoc, WI, 54221-2000. She is sued individually.

10. Defendant Patrick Willis was at all relevant times herein a Judge in Manitowoc County, WI, Circuit Court, Branch One, located at: 1010 Eighth Street, Manitowoc, WI, 54221-2000. He is sued individually.

11. Defendant the County of Calumet, Wisconsin runs the Calumet County Sheriff's Department which was run by policy a maker/administrator, at all relevant times herein and is located at 206 Court St., Chilton, WI, 53014. The Calumet County Sheriff's Department has the responsibilities of setting policy and custom, supervising, and instructing its officers in acting under color of state law. In the present case, the County of Calumet, by its policy or custom, either allowed or was deliberately indifferent to its officers executing illegal searches and seizures. It is sued individually.

## III. PREVIOUS LAWSUITS

12. Plaintiff has not begun other lawsuits in state or federal court relating to the facts involved in this action.

13. Plaintiff has not begun other lawsuits in state or federal court relating to his imprisonment.

## IV. STATEMENT OF CLAIM

14. On November 6th, 2005 a fourth entry into the home of the plaintiff occurred incident to a search warrant. Local law enforcement collected evidence while searching all areas of the plaintiff's home over four days. In this search the Wisconsin State Crime Lab (hereinafter "Lab") from Madison also engaged in the investigation, using collection methods beyond that of local law enforcement. See Exhibit 1, pages 12-13.

15. The Lab did not uncover any evidence of the presence of Teresa Halbach (hereinafter "Halbach").

16. On February 27th, 2006 investigators questioned Brendan Dassey concerning his knowledge of the murder of Halbach. See Exhibit 2.

17. On March 1st, 2006 Brendan Dassey made a second statement that was markedly different from the one made on February 27th.

18. On March 1st, 2006 defendant Baldwin presented an "AFFIDAVIT FOR SEARCH WARRANT" (Exhibit 3) to defendant Kratz of the Calumet County District Attorney's office. Defendant Kratz notarized the document. Probable cause was based on a statement made by Brendan Dassey ("B.R.D."). No on information concerning the February 27th, 2006 statement was presented within the four corners of the affidavit.

19. Defendant Baldwin then obtained a "SEARCH WARRANT" (Exhibit 4) from Manitowoc County Circuit Court Judge Patrick Willis for numerous items from the residence and garage of

the plaintiff. The warrant was then executed on 12932 Avery Road in the Town of Gibson, County of Manitowoc, Wisconsin.

20. On March 3rd, 2006 defendant Baldwin submitted a "RETURN OF SEARCH WARRANT" (Exhibit 5) for forty-three items taken from the plaintiff's residence and garage.

### COUNT ONE: THE PLAINTIFF WAS DENEID HIS RIGHTS TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE

### LEGAL THEORY

21. Plaintiff contends that his rights were violated when an invalid warrant was executed to search and seize his property.

22. The warrant is invalid because there is no indication that the affidavit was ever seen by the issuing judge. The affidavit was witnessed by the actual prosecutor in the case, defendant Kratz. **Wis. Stat. § 968.23** gives an example of an affidavit for a warrant. At the bottom of the example the legislature took the time to put in the text "..., Judge of the ... Court." Clearly the Wisconsin legislature saw that the United States and Wisconsin Constitutions requires that a neutral magistrate be *accountably* placed between the State and a defendant. Without a way of knowing that the judge was actually involved in the process of establishing probable cause the procedure was invalid and the warrant is illegal. The Seventh Circuit stated in *United States v. Stefonek*, 179 F.3d 1030 (CA7 1999), "The police or other law enforcement officer who is seeking the warrant must submit *to the judicial officer* a precise description of what is sought to be seized..." *Id.* at 1033. (Emphasis added).

23. In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court recognized that the pre-search proceeding is *ex parte* and that a defendant could challenge the information placed before the court. *Id.* at 169. In the present case there is no record that defendant Baldwin was sworn before the Court in presenting her evidence in pursuit of the warrant. Holding an evidentiary

hearing with the actual prosecutor seeking the warrant doesn't meet the mandates of the Constitution. See *Coolidge v. New Hampshire*, 403 U.S. 443, 450, 454-55 (1971); *Johnson v. United States*, 333 U.S. 10 (1948); *Camara v. Municipal Court of San Francisco*, 387 U.S. 523 (1967). Further, Wis. Stat. § 968.12 (3)(d) recognizes that where a warrant is issued upon oral testimony "*the judge shall place under oath* each person whose testimony forms a basis of the application and each person applying for the warrant." (emphasis added). The oral testimony is then recorded and the recording is filed with the Court. *Id.* Thus, Wisconsin law clearly shows that in seeking a warrant an affiant is to be sworn before the court, not a mere notary, thereby creating a record of the court proceeding. Defendants Kratz, Willis, Zigmunt, and Baldwin should have been aware of this issue and corrected it.

24. Plaintiff points out that the affidavit in support of the warrant relied on information that defendants Baldwin and Kratz knew or reasonably should have known was not reliable or accurate. The search for evidence of blood in the plaintiff's bedroom was unreasonable. It was already heavily documented that numerous investigators and professional crime lab workers had spent days in the plaintiff's home doing a comprehensive search. See Exhibit 1. That search took several days and employed extensive use of biological fluid detection techniques and sensitive equipment. Clearly the statements made to Special Agent Fassbender and Investigator Wiegert by B.R.D. could not be realistic. It simply isn't realistic that there could be the level of carnage that is described in Exhibit One at ¶7, and that no one would have noticed this in the six days of comprehensive investigation that occurred in November 2005.

25. Defendant Baldwin failed to include the contradictory information from the November 2005 investigation (See Exhibit 1) and the inconsistent information from B.R.D.'s statement on February 27th, 2006 (See Exhibit 2). This was done with a reckless disregard for the truth.

Defendant Willis may well have kept his consideration to the four corners of the affidavit. If so, he would likely have been right to have issued the warrant. However, that presumption can be rebutted and the plaintiff does so now. Police officers have a duty to reveal "serious doubts" about an informant's testimony. ***United States v. Whitley***, 249 F.3d 614, 621 (CA7 2001). Defendant Baldwin withheld material information that was vital to the finding of probable cause and the warrant application would have failed had it been included.

26. Plaintiff further points out that there are other inconsistencies between the statement that B.R.D. made and the actual facts. According to investigators they found the key thought to be for Halbach's RAV4 on the floor of the plaintiff's bedroom. In fact, on November 9th, 2005, the investigative teem obtained a search warrant to take a book case from the plaintiff's home in order to prove that the key had come from it. Exhibit 6. The book case has no drawers. But in page six of Exhibit Seven (the criminal complaint in ***State v. Dassey***) the writer clearly notes that B.R.D. "observed Avery place the key for Teresa Halbach's Toyota Rav 4 in a dresser drawer in Avery's bedroom." No warrant was ever sought for the plaintiff's dresser (though his bedroom was continually and comprehensively searched over a five day period).

27. Further, B.R.D.'s statement is, on its face, implausible in another regard. According to him Halbach was restrained naked on the bed, where she was sexually assaulted and then murdered. After the murder there was a need to destroy the clothing which was "full of blood." How her cloths became "full of blood" when she wasn't wearing them escapes logic.

28. In essence, the plaintiff points out that there are many inconsistencies in B.R.D.'s statement given on March 1st, 2006 and the actual facts of the case. Defendant's Baldwin and Kratz were intimately aware of the facts due to their involvement in the criminal case against the plaintiff.

7

Case 2:12-cv-00193-LA   Filed 02/24/12   Page 7 of 11   Document 1

29. The warrant is also invalid because it lacks a seal of the Court as required under Wisconsin law. Writs are required to have a seal of the court, pursuant to **Wis. Stat. § 753.04**, and public documents not under seal are not self-authenticating, pursuant to **Wis. Stat. § 909.02(2)**; in turn, those public documents under seal are self-authenticating. **Wis. Stat. § 909.02(1).** Because the warrant lacks a seal it is not a valid warrant.

30. Lastly, the warrant cannot be legal as defendant Willis had not been properly sworn in as a judge. Under the Wisconsin Constitution Article IV, § 28, a judge does not take office until he has been duly sworn in. See also **Wis. Stat. § 19.01**. Further, under **Wis. Stat. § 887.01** the person who swears in the judge must certify the taking of the oath. This is done by applying the "NOTARIAL OFFICER'S SEAL/STAMP." Exhibit Six §A, [Four struck through] is a copy of defendant Willis' "OATH OF OFFICE" and it is clear that there has not been a seal or stamp applied to this document. Public documents not under seal are not self-authenticating, pursuant to **Wis. Stat. § 909.02(2)**; in turn, those public documents under seal are self-authenticating. **Wis. Stat. § 909.02(1).** Exhibit Five is a copy of Manitowoc County Circuit Court Judge Jerome L. Fox's "OATH OF OFFICE" and it is clear that a seal was applied in his instance.

31. Defendant the County of Manitowoc was responsible, through its policy maker/administrator, for setting the policies and/or customs inside the municipality, oversight and training of its personnel, and is responsible for the violations herein as much as the County, through its agency(s), have neglected to check the work its Clerk of Court and be sure that she were properly trained or were acting within the legal boundaries of plaintiff's rights as well as applicable law. In particular, the Clerk handled many of the warrants in the plaintiff's criminal case and did nothing concerning the lack of a seal or the fact that the Court had not seen the affidavits.

32. Defendant the County of Calumet was responsible, through its policy maker/administrator, for setting the policies and/or customs inside the municipality, oversight and training of its personnel, and is responsible for the violations herein as much as the County, through its agency(s), have neglected to check the work its officers and be sure that they were properly trained or were acting within the legal boundaries of plaintiff's rights as well as applicable law. In the plaintiff's criminal case there were several search warrants issued, none of which contains a seal by the court as required under **Wis. Stat. § 753.04**. And all of the affidavits for these warrants were notarized by the prosecutor, defendant Kratz, and not by the issuing judge. This shows by negative inference that the policy or custom of the County was to *not* ensure that warrants were properly obtained from the Court before executing them.

## COUNT TWO: THE PLAINTIFF IS ENTITLE TO RECOVERY DUE TO DAMAGE TO THE PROPERTY

**LEGAL THEORY**
33. Because the plaintiff was renting the property that he resided at he was responsible for the damages to it. As stated, the warrant was invalid. It follows that any damage to the property that happened as a result of the execution of an invalid warrant is recoverable for damages.

**RELIEF REQUESTED**
34. WHEREFORE, plaintiff respectfully requests judgment in his favor with an order declaring that the defendants have acted in violation of the United States Constitution and violated his rights. Plaintiff further requests a judgment in his favor for nominal damages in an amount not less than $1 for every item illegally taken, jointly and severally against defendants. Plaintiff also requests compensatory damages in the sum of $30,000. Plaintiff additionally requests punitive damages in the sum of $500,000 or what amount the Court may deem just and proper, jointly and

severally against defendants. Finally, plaintiff requests any attorney fees and court costs that may accrue and any other such relief as it may appear plaintiff is entitled.

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this ___22___ day of _February_, 2012.

_Steven Avery #122987_
Steven Avery – Prisoner ID #122987

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,
    Plaintiff,

v().

MANITOWOC COUNTY, WI, ET Al.,
    Defendants.

Case No. _____

**DECLARATION OF AUTHENTICITY OF DOCUMENTS AND STATEMENT**

I, Steven Avery, declare that:

1. I am the *pro se* plaintiff in the above-entitled matter.

2. I hereby certify that all exhibits presented with my complaint for the above-entitled matter are all true and accurate representations of the original documents as I have received them.

3. I declare that the events presented in my complaint for the above-entitled matter are true and accurate.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing statements are true and correct.

Date: 2-22-2012

*Steven Avery #122987*
Steven Avery #122987
Wisconsin Secure Program Facility
P.O. Box 9900
1100 Morrison Dr.
Boscobel, WI 53805