# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,

    **Plaintiff,**

  v.                              Case No. 12-CV-193

MANITOWOC COUNTY, WENDY BALDWIN,
KENNETH KRATZ, PATRICK WILLIS,
LYNN ZIGMUNT, and CALUMET COUNTY,

    **Defendants.**

## SCREENING ORDER

Plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. Plaintiff has been assessed and paid an initial partial filing fee of $32.24.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff was a pretrial detainee confined at the Calumet County Jail at all times relevant. Defendants are: Manitowoc County; former Calumet County District Attorney Kenneth Kratz; Calumet County Sheriff's Department Officer Wendy Baldwin; Manitowoc County Clerk of Court Lynn Zigmunt; Manitowoc County Circuit Court Judge Patrick Willis; and Calumet County.

Plaintiff alleges that on March 1, 2006, Officer Baldwin presented an affidavit for search warrant to District Attorney Kratz, who notarized the document. Probable cause was based on a February 27, 2006, statement made by Brendan Dassey concerning the murder of Teresa Halbach. Officer Baldwin then obtained a search warrant from Judge Willis for items from plaintiff's residence and garage, located in Manitowoc County. On March 3, 2006, Officer Baldwin submitted a return of search warrant for forty-three items taken from plaintiff's residence and garage.

Plaintiff claims that the search warrant was invalid because, there was no indication the affidavit was ever seen by Judge Willis; the affidavit relied on information that Officer Baldwin and District Attorney Kratz knew or should have known was not reliable or accurate; and Officer Baldwin withheld material information that was vital to the finding of probable

3

cause and the warrant application would have failed had it been included. Plaintiff also claims that the warrant was invalid because it lacked a court seal and because Judge Willis was not properly sworn in as a judge. Plaintiff claims that Manitowoc County failed to train Clerk of Court Zigmunt, who handled many of the warrants in plaintiff's criminal case and did nothing concerning the lack of a seal or the fact that the court had not seen the affidavits. He further claims that Calumet County failed to ensure its officers were properly trained and that the fact that several search warrants from plaintiff's criminal case were notarized by District Attorney Kratz instead of the issuing judge shows by negative inference that the county's policy or custom was to not ensure that warrants were properly obtained from the court before executing them. Plaintiff also claims that he is entitled to compensation based on damage done to his residence and garage as a result of execution of the search warrant. Plaintiff seeks declaratory relief as well as nominal, compensatory, and punitive damages.

The Fourth Amendment protects a person's home from unreasonable searches. U.S. Const. amend. IV; see also, Griffin v. Wisconsin, 483 U.S. 868, 873 (1987). A warrant is valid only where it is based "upon probable cause, supported by Oath or affirmation, and particularly describ[es] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; see also, Jacobs v. City of Chicago, 215 F.3d 758, 767 (7th Cir. 2000). In addition, the Fourth Amendment provides a remedy when a citizen's property is unreasonably damaged during a police search. Heft v. Moore, 351 F.3d 278, 281 (7th Cir. 2003).

Plaintiff's allegations implication his rights under the Fourth Amendment. He may therefore proceed on his claim pursuant to 42 U.S.C. § 1983.

Plaintiff also advances claims under 42 U.S.C. § 1985(3) and § 1986. Section 1985(3) prohibits a conspiracy to deprive another of equal protection under the law, and the

4

conspiracy must be motivated by racial, or other class-based discriminatory animus. Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008) (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Plaintiff fails to sufficiently allege such animus. Because plaintiff has failed to state a § 1985 claim, his § 1986 claim also fails. Smith, 550 F.3d at 617-18 (citing Hicks v. Resolution Trust Corp., 970 F.2d 378, 382 (7th Cir. 1992)).

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $317.76 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

5

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

6

Case 2:12-cv-00193-LA   Filed 05/02/12   Page 6 of 7   Document 8

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of May 2012.

                                                  s/ Lynn Adelman
                                                  LYNN ADELMAN
                                                  District Judge