UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,
    Plaintiff,

v.                                          Case No. 12-C-0193

MANITOWOC COUNTY, WENDY BALDWIN,
KENNETH KRATZ, PATRICK WILLIS,
LYNN ZIGMUNT, and CALUMET COUNTY,
    Defendants.

## DECISION AND ORDER

Steven Avery, a Wisconsin state prisoner, has filed this action under 42 U.S.C. § 1983 alleging that a search of his home was conducted in violation of the Fourth Amendment. The search, which occurred in early March 2006, was conducted as part of the investigation into the murder of Teresa Halbach, of which Avery was eventually convicted. The defendants have moved to dismiss the complaint on various grounds.

At the outset, I note that a number of defendants are not proper defendants to Avery's Fourth Amendment claims and must be dismissed. Calumet County and Manitowoc County will be dismissed on the ground that no official policy, practice or custom of those counties deprived Avery of his rights under the Fourth Amendment. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). Kenneth Kratz, who at the time of the events giving rise to this suit was the District Attorney for Calumet County, will be dismissed on the ground that he did not personally deprive Avery of his Fourth Amendment rights. See, e.g., Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003) (stating that "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim"). The only allegation against Kratz is

that he notarized the affidavit made in support of the warrant application, and notarizing an affidavit is not a violation of the Fourth Amendment. Judge Patrick Willis, the judge who issued the warrant, and Lynn Zigmunt, the Manitowoc County Clerk of Court, will be dismissed on the ground of absolute judicial immunity, as the only allegations against them relate to their actions in issuing the warrant. See Kincaid v. Vail, 969 F.2d 594, 600-01 (7th Cir. 1992).

The remaining defendant is Wendy Baldwin, who was the member of the Calumet County Sheriff's Department who submitted the affidavit in support of the warrant and who seems to have been in charge of the warrant's execution. Assuming that Baldwin personally participated in the warrant's execution—which is a plausible inference to draw from the complaint, since Baldwin was the one who endorsed the warrant and returned the warrant—she could be held liable under § 1983 for any Fourth Amendment violations that occurred during the search. However, Baldwin moves to dismiss the claims against her on the ground that the search was conducted pursuant to a valid warrant.

Avery concedes that the search was conducted pursuant to a warrant, but he contends that the warrant was invalid for several reasons: (1) it was not supported by probable cause; (2) Baldwin's affidavit in support of the warrant was not presented to Judge Willis; (3) the warrant did not bear the seal of the court; and (4) at the time he issued the warrant, Judge Willis was not actually a judge because the document memorializing his having taken the oath of office did not bear the seal or stamp of the clerk of court. However, as explained below, the warrant was not invalid for any of these reasons.

First, Avery's complaint establishes that the warrant was supported by probable cause. Probable cause exists when there is a fair probability that contraband or evidence

of a crime will be found in a particular place. See, e.g., Illinois v. Gates, 462 U.S. 213, 238 (1983). In the present case, the warrant was based on Baldwin's sworn affidavit, which Avery has attached to his complaint. (Compl. Ex. 3.) That affidavit sets forth facts that were sufficient to induce a reasonably prudent person to believe that a search of Avery's home would uncover evidence of a crime. The affidavit describes the confession of Avery's nephew, Brendan Dassey. In his confession, Dassey explained in detail how, on October 31, 2005, he and Avery raped and murdered Teresa Halbach and then burned her body. During the course of the confession, Dassey identified a number of items that he and Avery used while committing those crimes. Baldwin in her affidavit stated the during previous searches of Avery's home, pictures were taken of the premises, and in those pictures one can see some of the items described by Dassey in his confession, such as a "roller creeper," which Dassey stated he and Avery used to transport Halbach's body to the fire. Such items had potential evidentiary value, in that they could have corroborated Dassey's confession and also might have contained forensic evidence, such as blood. Thus, the warrant—which directed law enforcement to search Avery's home for those items—was supported by probable cause.[1]

Second, the allegations of Avery's complaint do not give rise to a plausible claim that Judge Willis was not presented with Baldwin's affidavit. The warrant states in its opening paragraph that it was based on Baldwin's written complaint. (See Compl. Ex. 4.)

---

[1] Avery contends that Dassey's confession was unreliable. However, in his statement, Dassey admitted to having committed rape and murder, and thus his statement was so strongly against his penal interest that it carried with it a presumption of reliability. See, e.g., United States v. Olson, 408 F.3d 366, 371 (7th Cir. 2005). Moreover, the statement was extremely detailed and was largely consistent with what law enforcement had discovered during previous searches of Avery's home.

3

Judge Willis signed the warrant, and no facts pleaded in the complaint support an inference that he did so without having seen Baldwin's affidavit. Although the affidavit indicates that it was sworn before a notary public (Kenneth Kratz) rather than before Judge Willis, that suggests nothing more than that Baldwin did not appear in person before Judge Willis. It does not suggest that Judge Willis did not see Baldwin's affidavit.

Third, the lack of a seal on the warrant did not affect the warrant's validity. Under Wisconsin law, a search warrant need only be signed by a judge and be directed to a law-enforcement officer. See Wis. Stat. § 968.12(1). Although Avery points to a Wisconsin statute requiring all writs to bear the seal of the court, Wis. Stat. § 753.04, no published Wisconsin case has applied this requirement to search warrants. Moreover, the official form for search warrants that appears in the Wisconsin statutes does not indicate that a seal is required. See Wis. Stat. § 968.23. In any event, even if Wisconsin law required the warrant to bear the court's seal, there is no case holding that the Fourth Amendment is violated when a search or seizure is conducted pursuant to a warrant that lacks a seal required by state law. Thus, even if the Fourth Amendment is violated when a search or seizure is conducted pursuant to a warrant that lacks such a seal, Baldwin would be entitled to qualified immunity. See Lowrance v. Pflueger, 878 F.2d 1014, 1017 (7th Cir. 1989) (stating that even if warrant is defective, defendant who executes warrant is not liable under § 1983 unless defendant had no reasonable good-faith belief in the legality of the search or seizure).

Fourth, the lack of a seal on Judge Willis's oath of office did not affect the warrant's validity. Judge Willis took the oath of office before a deputy clerk for Manitowoc County, who signed the document memorializing his having taken the oath. (See Compl. Ex. 6.)

Although the document memorializing his having taken the oath contains a space for a notarial officer's seal or stamp, there is nothing in the Wisconsin constitution or statutes indicating that a judge's oath is invalid unless the document memorializing the taking of the oath bears a seal or a stamp. In any event, Baldwin could not have known that the document memorializing Judge Willis's having taken the oath of office was missing a seal, and so even if a seal was required, she would be entitled to qualified immunity. See Lowrance, 878 F.2d at 1017.

Before concluding, I note that Avery included a count in his complaint in which he alleges that his home was damaged during the course of the search. Although the Fourth Amendment is violated when excessive or unnecessary destruction of property occurs during the course of an otherwise valid search, see United States. v. Ramirez, 523 U.S. 65, 71 (1998); Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003), Avery does not allege that the damage to his property was excessive or unnecessary. Rather, he alleges that because the warrant was invalid, any damage that occurred during the search was necessarily unreasonable. (Compl. ¶ 33.) For the reasons explained above, Avery's claim that the warrant was invalid is not plausible, and therefore his claim for property damage must also be dismissed.

Accordingly, **IT IS ORDERED** that the defendants' motions to dismiss (ECF Nos. 10, 33 & 41) are **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to stay discovery filed by defendants Baldwin and Calumet County (ECF No. 27) is **DENIED AS MOOT**.

5

**IT IS FURTHER ORDERED** that Baldwin and Calumet County's motion to strike plaintiff's declaration (ECF No. 39) is **GRANTED** on the ground that matters outside the pleadings may not be considered in connection with a motion to dismiss a complaint for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time (ECF No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing this action on the merits.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2012.

s/ Lynn Adelman

LYNN ADELMAN
District Judge

6

Case 2:12-cv-00193-LA   Filed 11/19/12   Page 6 of 6   Document 45